[Crim. No. 5574.    Second Dist., Div. One.    May 15, 1956.]

THE PEOPLE, Respondent, v. VIRGIL NELSON
WEIGHT, Appellant.

Gross & Rosen and Joseph M. Rosen for Appellant.

Edmund G. Brown, Attorney General, and Clarence A.
Linn, Assistant Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment.

As recited in appellant's brief, "Defendant was charged
in an information with the violation of Section 288 of the
Penal Code in two counts.    And after a trial by jury was
convicted of both counts.

"Thereafter, the matter was referred to the Probation De-
partment for a report and two psychiatrists were appointed
to examine the defendant pursuant to the sexual psycopathy
provisions of the Welfare and Institutions Code; that on De-
cember 4, 1953, defendant was committed to the Metropolitan
State Hospital for the 90 day observation period as a probable
sexual psycopath.

"Thereafter, and on February 23, 1954, the defendant
was returned to the Superior Court for further proceedings
under Section 5512 of the Welfare and Institutions Code and
upon the recommendation and report of the Director of the
Metropolitan State Hospital the court found the defendant
to be a sexual psychopath within the meaning of the Welfare

and Institutions Code and ordered him committed to the Metropolitan State Hospital for an indeterminate period.

"Thereafter, and on September 27, 1955, the defendant was returned to court from the State Hospital for further proceedings, and on October 25, 1955, the court ruled that probation was denied and sentenced the defendant to the State Prison for the term prescribed by law."

The victims of the offense were defendant's two daughters, ages 7 and 8 years, respectively.

Quoting from appellant's brief, "This appeal is concerned with an abuse of discretion by the trial court in denying probation to the defendant. Appellant does not contend that the evidence was insufficient to sustain the verdict, nor that there were any errors in the trial of the within cause. For that reason, and for the sake of brevity, appellant does not feel that it is necessary to set forth all of the details as adduced by the evidence contained in the Reporter's Transcript as to the acts constituting the violations with which defendant was charged, but in substance the record discloses that the defendant did sexually molest his two minor daughters, ages 9 and 8."

As recited in respondent's brief, the record reveals that, "On October 25, 1955, a hearing was held on the defendant's application for probation. The court pointed out that it had received and read the clinical report, the original probation report and the supplemental probation report, and stated 'none of which is favorable, it being recommended that probation be denied.' The court further pointed out as reasons for denying probation: 'The charges involved in this proceeding, there being two, were serious, involving children of the ages of 8 and 7. It is the opinion of this court that a period of treatment in the State Hospital for Sexual Psychopaths does not constitute penalty or a complete solution to the problem. As the law provides, and as the staff at Atascadero State Hospital state, probation is recommended only providing the circumstances surrounding the commission of the offense justify such consideration.

" 'It is the opinion of this Court that the offenses for which he was convicted are of such a serious nature that some penalty is required. . . .' "

In the light of the record it does not appear that the court abused its discretion.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.